IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40689
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ANDY RESTREPO,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:91-CR-67-1
- - - - - - - - - -
February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Andy Restrepo (Restrepo) was convicted by a jury of multiple offenses arising out of a conspiracy to possess and distribute cocaine. 21 U.S.C. § 841. The district court sentenced Restrepo to a 292-month prison term. This court affirmed his conviction and sentence. *United States v. Restrepo*, 994 F.2d 173, 80-81 (5th Cir. 1993).

Restrepo filed a motion to amend or correct sentence

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to 18 U.S.C. § 3582(c)(2) and based on the retroactive application of Amendment 505 to the Sentencing Guidelines. Applying Amendment 505 to Restrepo's case, the resentencing court reduced his sentence from 292 months to 235 months. At the resentencing hearing, Restrepo argued that his sentence should be reduced even further because he was a minor participant in the conspiracy. U.S.S.G. § 3B1.2(b). The court denied Restrepo's request and this appeal followed.

Restrepo's request to have his sentence reduced because he was a minor participant in the conspiracy is not cognizable under § 3582. *See* U.S.S.G. § 1B1.10, comment. (backg'd); *see also United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). The resentencing court did not have the authority to reduce Restrepo's sentence as a minor participant. A motion to reduce sentence under § 3582 applies only to amendments to the Guidelines that have a retroactive effect. *Id.* The court reduced Restrepo's sentence based on the retroactive application of Amendment 505, but did not grant a further reduction as a minor participant. Accordingly, the sentence imposed by the resentencing court should be affirmed.

AFFIRMED.